**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MIKE YELLEN; DEVON BOWES;
SARAH BOWES; LELANI BRIGHT;
DIANA C. FRANK; SOPHIA HART;
SHELBY HOSANA; GREG JONES;
KENDALL KELLER; JUSTIN-CHARLES
LESLIE; KARL MAGALHAES; LAURIE
S. MILLER SKIMMERHORN; PATTI
RUBINSTEIN; RICHARD TABER,

   Plaintiffs - Appellants,

and

PLAINTIFFS IN YELLEN ET AL V.
BIDEN ET AL,1:25-CV-00002-JAO-BMK,

   Plaintiffs,

 v.

ALASKA AIRLINES, INC., on behalf of
itself and named defendant Virgin America,
Inc.; AIR CANADA; AMERICAN
AIRLINES, INC., on behalf of itself and
named defendant the former US Airways,
Inc.; CVS PHARMACY, INC.; DELTA
AIR LINES, INC.; FEDERAL EXPRESS
CORPORATION; FEDEX
CORPORATION; HAWAIIAN

No. 25-5747

D.C. No.
1:25-cv-00002-JAO-BMK

MEMORANDUM[*]

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

AIRLINES, INC.; JAPAN AIRLINES CO.,
LTD.; MERCK & CO., INC.; MODERNA,
INC.; MOKULELE AIRLINES; PFIZER,
INC.; SOUTHERN AIRWAYS EXPRESS;
SOUTHWEST AIRLINES CO.; UNITED
AIRLINES, INC.; WESTJET AIRLINES,
LTD.; MITCH ROTH, Mayor of Hawaii,
Mayor Hawaii; META PLATFORMS,
INC.,

    Defendants - Appellees,

and

DEFENDANTS IN YELLEN ET AL V.
BIDEN ET AL,1:25-CV-00002-JAO-BMK,

    Defendants.

Appeal from the United States District Court
for the District of Hawaii
Jill A. Otake, District Judge, Presiding

Submitted July 15, 2026[**]

Before: BERZON, NGUYEN, and OWENS, Circuit Judges.

Mike Yellen and additional pro se plaintiffs ("Plaintiffs") appeal from the

district court's dismissal of their Second Amended Complaint ("SAC") without

leave to amend. As the parties are familiar with the facts, we do not recount them

here. We have jurisdiction under 28 U.S.C § 1291, and we affirm.

---

  [**]  The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. The district court properly concluded that it lacked subject matter jurisdiction because Plaintiffs lack standing. To establish standing, Plaintiffs must have suffered an "injury in fact" that is "concrete and particularized" and "actual and imminent"; the injury must be fairly traceable to Defendants' conduct; and it must be likely that the injury "will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). "[A] plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Id.* at 573-74. We construe pro se pleadings liberally, "especially in civil rights cases," but we may not "supply essential elements of the claim that were not initially pled," and "[v]ague and conclusory allegations . . . are not sufficient to withstand a motion to dismiss." *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014). Plaintiffs fail to plead facts demonstrating that they personally have been harmed by the various conspiracies they allege. Because Plaintiffs fail to allege a concrete and particularized injury, dismissal for lack of subject matter jurisdiction is warranted.

2. Plaintiffs' claim that the district court judge should have recused herself is meritless. Plaintiffs failed to timely move for recusal. *See United States v. Mikhel*, 889 F.3d 1003, 1026-27 (9th Cir. 2018). Regardless, Plaintiffs' intimation

that the district court "may have had some investments" in some of the defendant companies is sheer speculation. Plaintiffs fail to demonstrate that "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012) (internal quotation marks omitted).

3. The district court did not abuse its discretion in denying leave to amend. Although leave to amend should be given freely, a district court may dismiss without leave to amend where amendment would be "futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). Plaintiffs had previous opportunities to amend their complaint. The district court's order dismissing their First Amended Complaint ("FAC") instructed Plaintiffs to link each Defendant with specific acts or omissions and connect factual allegations to a legal cause of action. Plaintiffs failed to do so. Their claim regarding the harmfulness of COVID-19 vaccines—the only claim which they were given leave to amend—was substantially identical to the version pled in the FAC. Because we agree with the district court that amendment would be futile and we find Plaintiffs' other arguments unpersuasive, we hold that the district court properly dismissed the SAC without leave to amend.

**AFFIRMED.**